JEFFREY F. KELLER (SBN 148005)
jfkeller@kellergrover.com
KATHLEEN R. SCANLAN (SBN 197529)
kscanlan@kellergrover.com
**KELLER GROVER, LLP**
1965 Market Street
San Francisco, California 94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861

Attorneys for Relator *JULIE A. MACIAS*
[Counsel for Defendants on Signature Page]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATE OF AMERICA and THE STATE OF CALIFORNIA, *ex rel.,* JULIE A. MACIAS, | Case No.: CV-12-00960 RSWL (SHx) |
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| PACIFIC HEALTH CORPORATION, a Georgia corporation; LOS ANGELES DOCTORS HOSPITAL CORPORATION, a California corporation; SGG, INC., a California corporation; PROCARE MOBILE RESPONSE LLC, a California Limited Liability Company, KAREN TRIGGIANI, an individual, ROBERT BARRETT, an individual, KEIVAN GOLCHINI, M.D., an individual, FARHAD KHOSSOUSSI, M.D., an individual; ALAN MARKIE, M.D., an individual; and LITOS O. MALLARE, M.D., an individual. | Judge:        Hon. Ronald S.W. Lew<br>Action Filed:  February 3, 2012<br>FAC Filed:     August 19, 2013 |
| Defendants. | |

*KELLER GROVER LLP*
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

## GOOD CAUSE STATEMENT OF THE PARTIES

WHEREAS, discovery, briefs and other documents filed with the Court in the above-captioned litigation will involve documents containing sensitive, personal information relating to medical services and other protected health information subject to various state and federal privacy laws, including, for example, the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. § 164.512, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), such that public disclosure may violate patients' privacy rights regarding their personal health and other information.

WHEREAS, discovery, briefs and other documents filed with the Court in the above-captioned litigation may require Defendants to produce proprietary, commercial, private and/or confidential information not otherwise in the public domain, which may contain, among other things, Defendants' trade secrets, rate structures, price lists, pricing data, financial information, business plans, computer software and programs, data technologies, systems, structures, and architectures, such that public disclosure may result in financial damage to Defendants' business relationships or adversely affect Defendants' competitive strategies.

WHEREAS, the parties in the above-captioned litigation have agreed that it is necessary to establish common procedures to limit the necessity for objections or subsequent motions seeking to limit discovery and/or the use of such information, and facilitate the disposition by the Court of any disputes or problems that may arise in connection with discovery, court proceedings, or other use of this information, that it would serve the interests of the parties and any third parties to conduct discovery under this Stipulated Protective Order ("Order").

WHEREAS, the parties do not intend this Order to restrict the dissemination of information gained by means other than through the discovery process.

WHEREAS, this Order provides reasonable restrictions on the disclosure of protected health information and other confidential information and will promote a

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

free exchange of documents and information, facilitate and diminish the Court's involvement in discovery proceedings, and move the case along more rapidly and at less cost.

WHEREAS, the parties acknowledge that this Order does not confer blanket protections on all disclosures or discovery responses, but only extends confidential treatment to the limited information or items defined in this Order.  Further, the parties acknowledge that this Order creates no entitlement to file all confidential information under seal.  The relevant civil rules and Local Rule 79-5 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

THEREFORE, pursuant to Federal Rule of Civil Procedure 26(c), the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. § 164.512, promulgated pursuant to HIPAA, and other laws and regulations, and with the consent of the parties, and for good cause shown as reflected in the above clauses,

IT IS HEREBY ORDERED:

## **GENERAL PROVISIONS**

1. <u>Definitions:</u>

The following definitions shall apply to this Order:

a. "Protected Information" means any document or information supplied in any form designated by a Producing Party, as defined herein, as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "PROTECTED HEALTH INFORMATION" or "PROTECTED PSYCHOTHERAPY NOTES" in one or more of the following ways provided in Paragraphs 3 to 6 below.

b. All Protected Information may be designated (and marked accordingly) as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "PROTECTED HEALTH INFORMATION" or "PROTECTED PSYCHOTHERAPY NOTES."

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

c.     Information designated as "CONFIDENTIAL" is information that is not in the public domain and contains employee information, financial data and information, and any other information that may reasonably be characterized by a party as intellectual property, trade secrets, or confidential or proprietary information.  For purposes of this Order, "trade secret" shall mean any formula, compilation, program, plan, device, design, method, technique, process or other information used in the Producing Party's business and for which confidentiality has been reasonably maintained; "proprietary" information shall mean any information regarding a party's finances, processes, products, services, research and development, sales and marketing, strategies, and technologies.

d.     Information designated as "HIGHLY CONFIDENTIAL" is "CONFIDENTIAL" information, such as trade secrets, customer lists, rate structures, price lists, pricing data, market surveys, business plans, and proprietary software, that derives economic value, actual or potential, from not being generally known to competitors and potential competitors, that is the subject of reasonable efforts to maintain its secrecy, that is so competitively sensitive that disclosure of the information justifies imposing the requirement that no other parties or the parties' inside counsel may view the information, and for which the Producing Party reasonably believes that it is entitled to heightened protections from disclosure to competitors or potential competitors under Federal Rule of Civil Procedure 26(c).

e.     "PROTECTED HEALTH INFORMATION" means information supplied in any form, or any portion thereof, that identifies an individual or patient in any manner or for which there is a reasonable basis to believe could be used to identify an individual or patient, and (i) relates to the past, present, or future physical or mental health or condition of such individual or patient, (ii) the provision of health care, services or supplies to such individual or patient, or (iii) the past, present, or future payment for the provision of health care to such

individual or patient.  "PROTECTED HEALTH INFORMATION" includes, but is not limited to, the following information when it identifies an individual or subscriber:  dispatch records, physician certification statements ("PCS"), run sheets, medical bills, claim forms, admission forms, intake forms, evaluation forms, Consultation Summary forms, discharge forms, claims data, grievances or appeals, charge sheets, medical records, medical charts, test results, evaluations, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests, as well as any summaries or compilations of the information contained in these documents, to the extent that such summaries or compilations themselves include "PROTECTED HEALTH INFORMATION."  "PROTECTED HEALTH INFORMATION" is intended to encompass any patient health information protected by any state or federal law, including, but not limited to, "protected health information" as such term is defined by the Standards of Privacy of Individually Identifiable Health Information, 45 C.F.R. § 160.103, promulgated pursuant to HIPAA, and includes the following subscriber, patient, or member identifiers:

    i.    names;

    ii.    addresses;

    iii.    dates (except year) relating to patient date of birth, date of death, admission date, and discharge date;

    iv.    patient telephone numbers;

    v.    patient fax numbers;

    vi.    patient email addresses;

    vii.    patient social security numbers;

    viii.    patient medical record numbers;

    ix.    patient health plan beneficiary numbers;

    x.    patient account numbers;

    xi.    patient certificate/license numbers;

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

xii.    patient vehicle identifiers and serial numbers, including license plate numbers;

xiii.   patient device identifiers and serial numbers;

xiv.    patient web universal resource locators ("URLs");

xv.     patient internet protocol ("IP") address numbers;

xvi.    biometric identifiers, including finger and voice prints;

xvii.   full face photographic images and any comparable images;

xviii.  any other unique identifying number, characteristic, or code; and any other information that the Producing Party knows could be used alone or in combination with other information to identify an individual who is the subject of the information.

"PROTECTED HEALTH INFORMATION" includes only that information which identifies a patient, member or subscriber.  Health information or records that do not identify a patient, member or subscriber and with respect to which there is no reasonable basis to believe that the information can be used to identify a patient, member or subscriber are not considered "PROTECTED HEALTH INFORMATION."

f.    "PROTECTED PSYCHOTHERAPY NOTES" means notes recorded, in any medium, by a health care provider who is a mental health professional documenting or analyzing the contents of conversation during a private counseling session or a group, joint, or family counseling session and that are separated from the rest of the individual's medical record.   "PROTECTED PSYCHOTHERAPY NOTES" **excludes** medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items:  (i) diagnosis; (ii) functional status; (iii) the treatment plan; (iv) symptoms; (v) prognosis; (vi) progress to date; (vii) intake or admission forms; (viii) medical

records; and (ix) discharge forms. "PROTECTED PSYCHOTHERAPY NOTES" is intended to encompass any patient health information protected by any state or federal law, including, but not limited to, the psychotherapist-patient privilege and "psychotherapy notes" as such term is defined by 45 C.F.R. § 164.501.

Unless agreed upon by the Producing Party, authorized by the patient, or otherwise ordered by the Court, a Producing Party shall redact all information qualifying as "PROTECTED PSYCHOTHERAPY NOTES" before producing documents that originally contained "PROTECTED PSYCHOTHERAPY NOTES." Any such redactions shall be limited only to that information within a document that qualifies as "PROTECTED PSYCHOTHERAPY NOTES." To maintain patient confidentiality, "PROTECTED PSYCHOTHERAPY NOTES" in which the Producing Party has redacted qualifying information or has taken other suitable precautions in order to protect the privacy of members, subscribers, or patients will be considered "HIGHLY CONFIDENTIAL" under the terms of this Order.

g.    "Covered Entity" shall have the meaning as such term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. §160.103, promulgated pursuant to HIPAA.

h.    "Document" shall have the same full meaning as defined by Federal Rule of Civil Procedure 34(a)(1)(A).

i.    "Legend" as used herein shall mean a stamp or similar insignia stating "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "PROTECTED HEALTH INFORMATION," "PROTECTED PSYCHOTHERAPY NOTES" or other appropriate term or terms connoting the confidentiality of the document. When any document is designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "PROTECTED HEALTH INFORMATION" or "PROTECTED PSYCHOTHERAPY NOTES" pursuant to this Order, the Legend

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1  shall be affixed to the cover of such document and to any page therein containing
2  Protected Information.

3          j.    "CONFIDENTIAL,"    "HIGHLY    CONFIDENTIAL,"
4  "PROTECTED   HEALTH   INFORMATION"   and   "PROTECTED
5  PSYCHOTHERAPY NOTES" may be collectively referred to herein as "Protected
6  Information."

7          k.    "Litigation" shall refer to the above-captioned action, including
8  any appeals of such action through final judgment.

9          l.    "Producing Party" shall mean any Party to this litigation, or any
10  other person or entity producing documents, information, or other materials in the
11  Litigation, including any Covered Entity or Third Party.

12          m.    "Receiving Party" shall mean any Party that receives
13  documents, information, or other materials from a Producing Party in this
14  Litigation, including any Covered Entity.

15          n.    "Parties" collectively shall mean all named parties to the
16  Litigation.

17          o.    "Third Party" shall mean any individual, corporation, entity,
18  association or other natural person or entity that is not one of the Parties.

19        2.    <u>Scope of Application of Order</u>:  This Order shall govern all documents
20  and other information and materials generated or produced in response to any
21  discovery request, disclosed through testimony, or contained in pleadings, briefs, or
22  other documents filed with the Court in the Litigation.  In addition, this Order shall
23  govern all "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "PROTECTED
24  HEALTH INFORMATION" and "PROTECTED PSYCHOTHERAPY NOTES"
25  material produced by a Covered Entity or Third Party in response to any discovery
26  conducted by any Party to the Litigation pursuant to the Federal Rules of Civil
27  Procedure, the Local Rules of the United States District Court for the Central
28  District of California, and 45 C.F.R. § 164.512(e).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

**DESIGNATION OF PROTECTED INFORMATION**

3.    <u>Designation of Protected Information:</u>  All documents, material, or information in this Litigation that are designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "PROTECTED HEALTH INFORMATION" or "PROTECTED PSYCHOTHERAPY NOTES" may be used only for purposes of prosecuting, defending or settling this Litigation.  A Producing Party may designate any document, material or information, or portion thereof that contains Protected Information, as either "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "PROTECTED HEALTH INFORMATION" or "PROTECTED PSYCHOTHERAPY NOTES" pursuant to his Order by affixing the Legend to any document, material or other thing that the Producing Party reasonably and in good faith believes constitutes Protected Information.

4.    <u>Production for Inspection Purposes Only</u>:  If a Producing Party intends to produce documents for inspection only, the Parties shall meet and confer on whether production by inspection is appropriate and on the procedures for designating Protected Information.

5.    <u>Designation of Deposition Transcripts and Exhibits as Protected Information</u>:  At the time of deposition or within thirty (30) days after receiving a deposition transcript, any Party or Third Party may designate portions of the transcript, exhibits, or videotape, as being "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "PROTECTED HEALTH INFORMATION" or "PROTECTED PSYCHOTHERAPY NOTES."  At any deposition conducted in this Litigation, counsel shall attempt in good faith preliminarily to identify and designate Protected Information in testimony and exhibits without prejudice to their right to designate other testimony or exhibits or to withdraw such designations after receipt of the deposition transcript.  Protected Information in deposition testimony may be so designated by underlining or highlighting the portion of the pages that are "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "PROTECTED HEALTH

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

INFORMATION" or "PROTECTED PSYCHOTHERAPY NOTES," and stamping such pages with the appropriate designation.  Until expiration of the thirty (30)-day period, the entire deposition transcript, exhibits and videotape, shall be treated as "HIGHLY CONFIDENTIAL" under the provisions of this Order.  If the Parties or Third Parties fail timely to designate any testimony from a deposition as containing Protected Information, none of the deposition testimony shall be treated as such.

6.   <u>Designation of Documents Produced by Third Parties</u>:  Any Party may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "PROTECTED HEALTH INFORMATION" or "PROTECTED PSYCHOTHERAPY NOTES" any document that is produced or disclosed without such designation by any Third Party within thirty (30) days of the production of such document, or such other time as may be agreed upon by the Parties, provided that the Third Party has an obligation to the designating Party to maintain the confidentiality of the information, and further provided that any such document contains such information of a designating Party.  Such designation shall be made in the following manner:

a.   Parties to the Litigation may designate such documents by sending written notice of such designation, accompanied by copies of the designated document bearing the Legend, to all other Parties in possession or custody of such previously undesignated document or by reference to a Bates number of the document.  Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the Parties, any Parties receiving such notice and copy of the designated document pursuant to this subparagraph shall return to the designating Party all undesignated copies of such document in their custody or possession, or alternatively shall affix the Legend to all copies of such designated document in their custody or possession.

b.   Upon notice of designation pursuant to this Paragraph, the Parties also shall:  (i) make no further disclosure of such designated document or information contained therein, except as allowed under this Order; (ii) take

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

1   reasonable steps to notify any persons who were provided copies of such designated

2   document of the terms of this Order; and (iii) take reasonable steps to reclaim any

3   such designated document in the possession of any person not permitted access to

4   such information under the terms of this Order.  No Party shall be deemed to have

5   violated this Order if, prior to notification of any subsequent designation, such

6   information has been disclosed or used in a manner inconsistent with the

7   subsequent designation.

8           c.      The Parties shall serve a copy of this Order simultaneously with

9   any discovery request made to a Third Party.

10          7.      <u>Inadvertent Failure to Designate Information as Protected Information</u>:

11  Inadvertent failure to designate information as "CONFIDENTIAL," "HIGHLY

12  CONFIDENTIAL,"      "PROTECTED       HEALTH       INFORMATION"      or

13  "PROTECTED PSYCHOTHERAPY NOTES" at the time of disclosure may be

14  remedied by supplemental written notice given by the Producing Party.  Except as

15  provided in Paragraph 8, once such designation has been made, however, the

16  designated documents or materials shall be treated as "CONFIDENTIAL,"

17  "HIGHLY CONFIDENTIAL," "PROTECTED HEALTH INFORMATION" or

18  "PROTECTED PSYCHOTHERAPY NOTES" in accordance with this Order as if

19  they has been initially so designated, provided, however, that if the document or

20  material that was inadvertently not designated has been, at the time of the later

21  designation, filed with the Court in the public record, the Producing Party that

22  failed to make the designation shall move for appropriate relief.  The Parties shall

23  make a reasonable good faith effort to insure that any analyses, memoranda, or

24  notes that were generated based upon such newly designated confidential

25  information are immediately treated as containing the appropriate designation.

26          8.      <u>Objections to Confidentiality Designations</u>:  A Party is not obligated to

27  challenge a Producing Party's "CONFIDENTIAL," "HIGHLY CONFIDENTIAL,"

28  "PROTECTED      HEALTH      INFORMATION"      or      "PROTECTED

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

PSYCHOTHERAPY NOTES" designation at the time such designation is made, and any failure to do so will not waive that Party's right to request, at a later time, that the Court determine whether the information satisfies the definitions of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "PROTECTED HEALTH INFORMATION" or "PROTECTED PSYCHOTHERAPY NOTES," or whether the information satisfies the applicable rules with respect to Protected Information. The Parties shall, in good faith and employing their best efforts, challenge a Producing Party's designation(s) prior to the later of:  (i) the deadline for filing motions for summary judgment, or (ii) three months after the production of the document(s) or information in question.  However, failure to challenge a Producing Party's designation will not preclude any party from bringing, in good faith and subject to meeting and conferring with the Producing Party, no later than 30 days before trial, a challenge on any document(s) not previously the subject of a motion under this Section.  Such limitations on the timing for objecting to the Producing Party's designations shall not apply during trial or in the final pre-trial period during which the parties are requested to submit to the Court a list of exhibits they intend to use at trial.  If any Party in this Litigation objects to a confidentiality designation or otherwise desires to have a confidentiality designation removed, counsel for such Party (the "Challenging Party") shall:  (i) notify the Producing Party in writing; (ii) state the Bates numbers of the document(s) at issue (or, where appropriate, by reasonably defining the categories of documents or information challenged); (iii) include a statement of the legal or factual basis for each objection; and (iv) promptly meet and confer in good faith with the Producing Party to attempt to resolve the dispute.  If the Producing Party and Challenging Party cannot reach an agreement, then either of them may move the Court for a determination as to whether the designation is appropriate.  Any such motion shall comply with the procedures set forth in Local Rule 37 of the United States District Court for the Central District of California, and any proposed order to the Court should so state.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

The Parties will use their best efforts to limit the number of documents that will be considered for sealed filing.  If such a motion is made, no party will object to any other party's request for in camera review of the contested documents.  Failure by a party to make such an objection shall not be deemed a waiver of any other objection.  The designated document shall maintain its original "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "PROTECTED HEALTH INFORMATION" or "PROTECTED PSYCHOTHERAPY NOTES" status pending a determination by the Court.

## DISCLOSURE OF PROTECTED INFORMATION

9.     The Parties (and their attorneys) are hereby authorized to receive, request, subpoena and transmit Protected Information pursuant to the terms of this Order.

10.     Disclosure of "CONFIDENTIAL" Information:  Except as otherwise provided in this Order, information designated "CONFIDENTIAL" may only be disclosed to, or examined by, the following persons:

a.     the Parties, including their current employees;

b.     the Parties' inside counsel, if any, and employees of the Parties' inside counsel who are acting under the direct and control of such counsel and who are necessary to assist such counsel in this Litigation;

c.     the Producing Party, including its current employees, and any indicated author or recipient of the material;

d.     the Parties' respective outside counsel, and employees of the Parties' outside counsel who are acting under the direction and control of such counsel and who are necessary to assist such counsel in this Litigation;

e.     clerical personnel, litigation personnel, and vendors who are acting under the direction of the Parties' counsel and who are necessary to assist such counsel in this Litigation;

f.       independent consultants or experts retained in connection with this Litigation by the Parties' or their counsel, but only for the purposes of prosecuting, defending, or settling this Litigation;

g.       any person likely to testify as a witness at a deposition, hearing, mediation, trial or other proceeding in this Litigation, but only to the extent necessary for the preparation of testimony or during testimony in a proceeding in this Litigation;

h.       stenographers or court reporters, but only to the extent necessary to prepare records of sworn testimony in the Litigation;

i.       magistrate judges, judges, clerks, or other members or employees of any court of competent jurisdiction over proceedings in or related to this Litigation; and

j.       any other person agreed to in writing by the Producing Party or by further order of the Court.

11.    <u>Disclosure of "HIGHLY CONFIDENTIAL" Information</u>:   Except as otherwise provided in this Order, information designated "HIGHLY CONFIDENTIAL" may only be disclosed to, or examined by, the following persons:

a.       the Producing Party, including its current employees, and any indicated author or recipient of the material;

b.       the Parties' respective outside counsel, and employees of the Parties' outside counsel who are acting under the direction and control of such counsel and who are necessary to assist such counsel in this Litigation;

c.       clerical personnel, litigation personnel, and vendors who are acting under the direction of the Parties' counsel and who are necessary to assist such counsel in this Litigation;

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

d.      independent consultants or experts retained in connection with this Litigation by the Parties' or their counsel, but only for the purposes of prosecuting, defending, or settling this Litigation;

e.      any person likely to testify as a witness at a deposition, hearing, mediation, trial or other proceeding in this Litigation, but only to the extent necessary for the preparation of testimony or during testimony in a proceeding in this Litigation;

f.      stenographers or court reporters, but only to the extent necessary to prepare records of sworn testimony in the Litigation;

g.      magistrate judges, judges, clerks, or other members or employees of any court of competent jurisdiction over proceedings in or related to this Litigation; and

h.      any other person agreed to in writing by the Producing Party or by further order of the Court.

12.      <u>Disclosure of "PROTECTED HEALTH INFORMATION"</u>:  Except as otherwise provided in this Order, "PROTECTED HEALTH INFORMATION" may be disclosed to, or examined by, the following persons only:

a.      the Producing Party and any indicated author or recipient of the material;

b.      the Parties' counsel of record, and employees of the Parties' counsel of record, such as paralegals, who are acting under the direction and control of such counsel and who are necessary to assist such counsel in this Litigation;

c.      independent consultants or experts retained in connection with this Litigation by the Parties' counsel of record, but only for the purposes of prosecuting, defending, or settling this Litigation;

d.      any person likely to testify as a witness at a deposition, hearing, mediation, trial or other proceeding in this Litigation, but only to the extent

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

necessary for the preparation of testimony or during testimony in a proceeding in this Litigation;

        e.    stenographers or court reporters, but only to the extent necessary to prepare records of sworn testimony in the Litigation;

        f.    magistrate judges, judges, clerks, and other members or employees of any court of competent jurisdiction over proceedings in or related to this Litigation provided that documents containing "PROTECTED HEALTH INFORMATION" shall be filed under seal or in such other manner as the Court shall order to protect the interests of the Producing Party and the person who is the subject of the "PROTECTED HEALTH INFORMATION."

        g.    Any Party or Third Party producing "PROTECTED HEALTH INFORMATION" shall ensure that the delivery of those materials to other Parties is done in a safe and secure manner so as to avoid any improper disclosure or loss of such material.

        h.    Any Party receiving "PROTECTED HEALTH INFORMATION" shall maintain such information and materials in a secure and safe manner, and shall exercise all reasonable standards of due and proper care with respect to the storage, custody, sharing and use of "PROTECTED HEALTH INFORMATION" to ensure that it is disclosed only to persons permitted under this Order.  Such due and proper care may include storing the information on an external encrypted hard drive (and not on a shared network), never distributing "PROTECTED HEALTH INFORMATION" over email and limiting access to electronically stored information by password.

        13.    <u>Disclosure of "PROTECTED PSYCHOTHERAPY NOTES"</u>:  Except as otherwise provided in this Order, "PROTECTED PSYCHOTHERAPY NOTES" may be disclosed to, or examined by, the following persons, *provided that* the Producing Party has redacted qualifying information set forth in Paragraph 1(f) of

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

this Order or has taken other suitable precautions in order to protect the privacy of members, subscribers, or patients:

a.    the Producing Party and any indicated author or recipient of the material;

b.    the Parties' counsel of record, and employees of the Parties' outside counsel, such as paralegals, who are acting under the direction and control of such counsel and who are necessary to assist such counsel in this Litigation;

c.    independent consultants or experts retained in connection with this Litigation by the Parties' counsel, but only for the purposes of prosecuting, defending, or settling this Litigation;

d.    any person likely to testify as a witness at a deposition, hearing, mediation, trial or other proceeding in this Litigation, but only to the extent necessary for the preparation of testimony or during testimony in a proceeding in this Litigation;

e.    stenographers or court reporters, but only to the extent necessary to prepare records of sworn testimony in the Litigation;

f.    magistrate judges, judges, clerks, and other members or employees of any court of competent jurisdiction over proceedings in or related to this Litigation provided that documents containing "PROTECTED PSYCHOTHERAPY NOTES" shall be filed under seal or in such other manner as the Court shall order to protect the interests of the Producing Party and the person who is the subject of the "PROTECTED PSYCHOTHERAPY NOTES."

g.    All information qualifying as "PROTECTED PSYCHOTHERAPY NOTES" or confidential psychologist-patient communications shall be redacted prior to production in accordance with Paragraph 1(f) of this Order.

h.    Any Party or Third Party producing "PROTECTED PSYCHOTHERAPY NOTES" shall ensure that the delivery of those materials to

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

other Parties is done in a safe and secure manner so as to avoid any improper disclosure or loss of such material.

        i.    Any Party receiving "PROTECTED PSYCHOTHERAPY NOTES" shall maintain such information and materials in a secure and safe manner, and shall exercise all reasonable standards of due and proper care with respect to the storage, custody, sharing and use of "PROTECTED PSYCHOTHERAPY NOTES" to ensure that it is disclosed only to persons permitted under this Order.  Such due and proper care may include storing the information on an external encrypted hard drive (and not on a shared network), never distributing "PROTECTED PSYCHOTHERAPY NOTES" over email and limiting access to electronically stored information by password.

14.   <u>Copies</u>:  All copies of any documents containing "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "PROTECTED HEALTH INFORMATION," or "PROTECTED PSYCHOTHERAPY NOTES" material shall constitute and be treated as such as provided in this Order.  Any person making, or causing to be made, copies of any documents containing "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," PROTECTED HEALTH INFORMATION" or "PROTECTED PSYCHOTHERAPY NOTES" material shall make certain that each such copy bears the appropriate Legend pursuant to the requirements of this Order.  Nothing herein shall preclude any arrangement among the Parties by which documents or other materials may be copied by the Producing Party.

15.   <u>Acknowledgement and Written Assurance</u>:  For each person who is permitted to see Protected Information, counsel shall first inform such person that, pursuant to this Order, the material to be disclosed may be used only for the purposes of prosecuting, defending, or settling this Litigation and must be kept confidential.  Each person who is permitted to see Protected Information shall be shown a copy of this Order and shall sign the Agreement To Be Bound By Protective Order, attached hereto as Exhibit A.

16.     All information produced in accordance with this Order designated as "PROTECTED HEALTH INFORMATION" or "PROTECTED PSYCHOTHERAPY NOTES" must be kept confidential and used only for purposes of this Litigation and must not be disclosed to anyone except the persons set forth in Paragraphs 12 and 13 of this Order.  All persons to whom such information is disclosed, including counsel of record, must sign the attached Agreement To Be Bound By Protective Order agreeing to the terms of this Order and submitting to the jurisdiction of this Court for enforcement of those terms.

17.     These signed forms shall be maintained by counsel for the Parties who disclosed the Protected Information to such persons.  Copies of signed forms shall be produced to the Court for in camera inspection if a Party requests any such inspection and demonstrates good cause in support of any such request. Nothing in this paragraph is intended to modify the application of Federal Rule of Civil Procedure 26(b)(4)(B) in this Litigation.

18.     <u>Use of Information Produced in This Litigation in Other Actions</u>:  Any documents or other information produced by any Party or Third Party in this Litigation shall be used solely for the purpose of this Litigation and for no other purpose.

19.     Notwithstanding any other provision of this Order:

a.     Nothing in this Order shall limit the ability of any Party or Third Party to disclose to any person Protected Information designated by it or that is a business record of that Party or Third Party, subject to the Parties' independent and ongoing obligations under state and federal laws.

b.     A Party's use for any purpose of its own documents and information it produces or discloses in this Litigation shall not be considered a violation of this Order.

///

///

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

## USE OF PROTECTED INFORMATION
## BY A PARTY IN THESE PROCEEDINGS

20.     Notwithstanding any other provision of this Order, the Parties shall confer and attempt to agree before any open Court trial or public hearing on the procedures under which "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "PROTECTED HEALTH INFORMATION" or "PROTECTED PSYCHOTHERAPY NOTES" material may be used or introduced into evidence at such trial or hearing. Upon reaching agreement, the Parties shall give notice of the terms of such agreement to each Third Party producing Protected Information which may be used or introduced at such trial or public hearing. Because it would affect the public availability of material used at a trial or public hearing, any such agreement will be effective only upon Court approval. Absent agreement among the Parties, any Party upon reasonable notice to all Third Parties producing Protected Information that may be used or introduced at such trial or hearing may move the Court to issue an order governing the use of Protected Information at a trial or public hearing.

21.     Filing of Protected Information Under Seal:  Any Party wishing to file a document or paper containing "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "PROTECTED HEALTH INFORMATION," or "PROTECTED PSYCHOTHERAPY NOTES" material may request that the material be filed under seal, consistent with Local Rule 79-5 of the United States District Court for the Central District of California, and shall seek to file under seal only those portions of documents containing "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "PROTECTED HEALTH INFORMATION," or "PROTECTED PSYCHOTHERAPY NOTES" material.  A designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "PROTECTED HEALTH INFORMATION," or "PROTECTED PSYCHOTHERAPY NOTES" by the Parties

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

under this Order alone is not a sufficient basis to seal the information submitted in connection with a request for relief from the Court.

**INADVERTENT PRODUCTION OF PROTECTED INFORMATION**

22.   <u>Inadvertent Production</u>:   Inadvertent production of information that a Producing Party later claims should not have been produced because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine, shall not constitute a waiver of, or estoppel as to, any claim of privilege, attorney work-product, or other ground for withholding production as to which the Producing Party would be entitled.   Upon discovery by a Producing Party (or upon receipt of notice from a Receiving Party) that the Producing Party may have inadvertently produced protected privileged information, the Producing Party shall, within ten (10) days of such discovery, request the return of such information in writing by identifying the inadvertently produced information and stating the basis for withholding such information from production.   After being notified, unless a Receiving Party disputes the privilege claim, the Receiving Parties must return or destroy the inadvertently produced privileged information and any copies thereof. If a Receiving Party disputes the inadvertent production and/or privilege claim, the Receiving Party shall notify the Producing Party of the dispute and the basis therefore in writing within ten (10) days of receipt of the request for the return of the inadvertently produced information.   The Producing Party and the Receiving Party shall thereafter meet and confer in good faith regarding the disputed claim within ten (10) days. In the event that the Producing Party and the Receiving Party do no resolve their dispute, the Producing Party may, within fourteen (14) days, bring a motion for a determination of whether a privilege applies. If such motion is made, no Party shall object to any other Party's request for in camera review of the inadvertently produced information.   Such motion must comply with the procedures set forth in Local Rule 37 of the United States District Court for the Central District of California, and any proposed order to the Court must so state.   If the Producing

Party fails to bring a motion within fourteen (14) days, the inadvertent production and/or privilege claim shall be waived. The Parties must preserve the information and treat is as privileged, and may not use or disclose the information, until the claim is resolved. Nothing in this Order shall preclude a Party from arguing that a privilege or protection is waived in this Litigation under Federal Rule of Evidence 502(b).

## MISCELLANEOUS PROVISIONS

23.    The Parties and their counsel in this Litigation are hereby authorized to request, receive, subpoena, transmit and disclose Protected Information in accordance with this Order.

24.    Nothing in this Order shall affect the rights of the Parties or Third Parties to object to discovery on grounds other than those related to the confidentiality of documents or information, nor shall it relieve a Party or Third Party of its obligations to properly respond or object to discovery requests, nor shall it preclude any Party or Third Party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Central District of California.

25.    The Parties to this Litigation reserve all rights to apply to the Court for any order modifying this Order, or seeking further protection against discovery or other use of Protected Information or other information, documents, or transcripts. Nothing in this Order shall affect the rights of any Party to seek protection against the use of Protected Information that was gained by a Party or Third Party by means other than through the discovery process.

26.    <u>No Oral Waivers</u>:    The Parties may waive the confidentiality provisions of this Order as to Protected Information only be explicit written waiver. Such waiver shall not result in a waiver of the confidential status of any other information deemed Protected Information pursuant to this Order.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

27.    <u>Effect of Order</u>:   This Order shall remain in full force and effect indefinitely until modified, superseded, or terminated by executed written agreement of the Parties or by order of the Court. This Court shall retain continuing jurisdiction, beyond the conclusion of this Litigation, including, without limitation, during any appeal, over all persons and Parties bound by this Order to enforce the provisions of this Order pursuant to its contempt powers and with all other powers provided for in this Order.

28.    <u>Amendments</u>:   This Order may be amended by the agreement of counsel for the Parties in the form of a written amendment to the Order. Such proposed modifications must be submitted to the Court for approval.

29.    <u>No Admission</u>:   Nothing contained in this Order shall be construed as an admission or agreement that any document or information, or any testimony relating to such document or information, is or would be subject to discovery or admissible as evidence in this Litigation or any other proceeding.

30.    With respect to the handling of "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information by the Court, any document or material introduced at trial will be presumptively available to all members of the public, including the press, unless good cause is shown to the Court to proceed otherwise.

## COMPLETION OF LITIGATION

31.    <u>Return or Destruction of Protected Information Following the Conclusion of Litigation</u>:   Within six (6) months after final resolution of this Litigation (including resolution of all appellate procedures), all documents or other items constituting or containing Protected Information, and all copies thereof, that are in the possession, custody, or control of any person other than the Producing Party shall either be returned to the Producing Party or destroyed.  The Producing Party shall maintain all returned documents for a period of two (2) years after final resolution of this Litigation and shall make such Protected Information available to any non-Designating Party who had access to the Protected Information during this

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

Litigation under the terms and conditions of this Order in the event that such non-Designating Party becomes subject to any action arising out of this Litigation where such Protected Information is necessary to the action. However, such Protected Information will only be made available to such non-Designating Party after appropriate protections are in place, including but not limited to a protective order in the action against the non-Designating Party. Within six (6) months after the final resolution of this Litigation, upon request, each Party shall attest to each Producing Party that all documents or other items constituting or containing Protected Information produced in this Litigation were returned or destroyed in full. Counsel for all Parties may retain copies of all documents that reflect attorney work-product, all documents that have been filed with the Court, deposition and trial transcripts, and all exhibits thereto, interrogatory responses and responses to requests for admission.

Dated: February 6, 2015          **KELLER GROVER LLP**

By: /s/ *Jeffrey F. Keller*
_____
JEFFREY F. KELLER

*Attorneys for Relator*
JULIE A. MACIAS

Dated: February 6, 2015          **NELSON HARDIMAN.**

By: /s/ *Farooq J. Mir*
_____
Farooq J. Mir

*Attorneys for Defendants*
PACIFIC HEALTH CORPORATION
LOS ANGELES DOCTORS HOSPITAL
CORPORATION

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

Dated:  February 6, 2015

**BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW P.C.**

By: /s/ *Paul Moskowitz*
_____
PAUL MOSKOWITZ

*Attorneys for Defendants*
KAREN BARRETT
ROBERT BARRETT
KEIVAN GOLCHINI, M.D.

Dated:  February 6, 2015

**LAW OFFICES OF KENNETH W. DRAKE & ASSOCIATES, INC.**

By: /s/ *Scott M. Hendler*
_____
SCOTT M. HENDLER

*Attorneys for Defendant*
FARHAD, KHOSSOUSSI, M.D.

Dated:  February 6, 2015

**LAW OFFICES OF STEVEN GOLDSOBEL, A PROFESSIONAL CORPORATION**

By: /s/ *Steven M. Goldsobel*
_____
STEVEN M. GOLDSOBEL

*Attorneys for Defendant*
ALAN MARKIE, M.D.

Dated:  February 6, 2015             **JAMES A. FRIEDEN, ESQ.**


By:  /s/ *James A. Frieden*
_____
JAMES A. FRIEDEN


*Attorneys for Defendant*
LITOS O. MALLARE, M.D.


I, Jeffrey F. Keller, hereby attest that all signatories listed, and on whose behalf this Order is submitted, concur in this Order's content and have authorized its filing.


Dated:  February 6, 2015         By:  /s/ *Jeffrey F. Keller*
_____
Jeffrey F. Keller

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

STIPULATED PROTECTIVE ORDER          - 25 -          CASE NO:  CV-12-00960 RSWL (SHx)

**ORDER**

**GOOD CAUSE APPEARING**, the Court hereby approves this Stipulated Protective Order.

**IT IS SO ORDERED**.


Dated:  February 09, 2015

_____
HON. STEPHEN J. HILLMAN
U. S.  MAGISTRATE JUDGE

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

UNITED STATE OF AMERICA and THE STATE OF CALIFORNIA, *ex rel.*, JULIE A. MACIAS,

                Plaintiff,

    v.

PACIFIC HEALTH CORPORATION, a Georgia corporation; LOS ANGELES DOCTORS HOSPITAL CORPORATION, a California corporation; SGG, INC., a California corporation; PROCARE MOBILE RESPONSE LLC, a California Limited Liability Company, KAREN TRIGGIANI, an individual, ROBERT BARRETT, an individual, KEIVAN GOLCHINI, M.D., an individual, FARHAD KHOSSOUSSI, M.D., an individual; ALAN MARKIE, M.D., an individual; and LITOS O. MALLARE, M.D., an individual.

                Defendants.

Case No.: CV-12-00960 RSWL (SHx)

I, _____, do hereby state and declare as follows:

☐    I have read and I understand the Protective Order that was issued by the United States District Court for the Central District of California in the above-captioned case, and I agree to be bound by it.

☐    I consent to the exercise of personal jurisdiction over me be the United States District Court for the Central District of California for purposes of enforcing this Agreement.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1

2          I declare under penalty of perjury that the foregoing is true and correct and

3   that this Agreement was executed on the _____ day of _____ in

4   _____[city/state].

5

6   Dated: _____

7

8   By: _____ [Declarant]

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861