1
2
3
4
5
6
7
8                  **UNITED STATES DISTRICT COURT**
9                  **CENTRAL DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF CALIFORNIA, *ex rel.*, JULIE A. MACIAS, <br><br>          Plaintiffs, <br><br>     v. <br><br><br>PACIFIC HEALTH CORPORATION et. al. <br><br>          Defendants. | CV 12-960 RSWL (JPRx) <br><br> **ORDER RE: DEFENDANT PROCARE MOBILE RESPONSE'S MOTION TO STAY CASE PENDING RESOLUTION OF BANKRUPTCY PROCEEDINGS [155]** |

   The Court is in receipt of Defendant Procare Mobile Response LLC's ("Defendant Procare") Motion to Stay Case Pending Resolution of Bankruptcy Proceedings. Having reviewed the papers and arguments submitted pertaining to this Motion, this Court hereby **GRANTS** Defendant's Motion.

1

**A.  Legal Standard**

    **1. Stay**

The District Court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936); see also Lockyer v. Mirant Co., 398 F.3d 1098, 1106 (9th Cir. 2005). "If numerous parallel cases are filed, the courts have . . . authority to stay useless litigation until the determination of [the] test case." Stark v. Wickard, 321 U.S. 288, 310-11 (1944). A trial court may find it effective to stay an action when pending the resolution of an independent proceeding that bears upon the case. Levya v. Certified Grocers of California, Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are . . . controlling of the action before the court." Id.

If there is a "fair possibility" another may be damaged if a stay is granted, the suppliant of the stay "must make out a clear case of hardship or inequity in being required to go forward." Landis, 299 U.S. at 255. "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the

rights of both." Id. However, these considerations are "counsels of moderation rather than limitations upon power." Id.

In determining whether a stay is warranted, courts consider (1) the potential prejudice or damage that may result to the non-moving party, (2) the hardship or inequity to the moving party if the action is not stayed and is required to go forward, and (3) the judicial resources that would be saved by simplifying the case or avoiding the duplicative litigation if the case before the Court is stayed. CMAX, Inc. V. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

While a District Court's stay ruling must be reviewed for abuse of discretion, this standard is "somewhat less deferential" than the abuse of discretion used in other contexts. Yong v. INS, 208 F.3d 1116, 1119 (9th Cir. 2000); see also Dependable Highway Exp., Inc. v. Navigators Insurance Co., 498 F.3d 1059, 1066 (9th Cir. 2007). A District Court abuses its discretion if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Dependable Highway Export, Inc., 498 F.3d at 1066 (9th Cir. 2007)(citing Cooter & Gell v. Hartmax Corp., 496 U.S. 384, 405, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990)); see also Clinton v. Jones, 520 U.S. 681, 707 (1997) (abuse of discretion where a district court enacted a stay and deferred trial until after a defendant, the President

of the United States, left office).

### 2. Bankruptcy

The filing of a bankruptcy petition under Chapter Eleven of the Bankruptcy Code operates as an automatic stay to all entities of the "commencement or continuation, including the issuance or employment process, of a judicial, administrative, or other action or proceeding against the debtor that arose before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(2010). The policy behind § 362 is to "protect the estate from being depleted by creditors' lawsuits and seizures of property . . . to provide the debtor breathing room to reorganize." In re Palmdale Hills Property, LLC., 423 B.R. 655, 663 (9th Cir. 2009)(citing In re White, 186 B.R. 700, 704 (9th Cir. 1995)). Although the scope of the automatic stay is broad, it only applies to proceedings originally brought against the debtor. In re Miller, 397 F.3d 726, 729-30 (9th Cir. 2005).

While the initiation of a Bankruptcy proceeding by a debtor can lead to the issuance of an automatic stay of any other litigation involving the same debtor, a District Court maintains the "jurisdiction to determine the applicability of the automatic stay." Lockyer v. Mirant Corp.,398 F.3d 1098, 1106 (9th Cir. 2005).

4

However, there is an exception to this automatic stay rule for an "action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power" when filing under Chapter Eleven of the Bankruptcy code. 11 U.S.C. § 362(b)(4)(2010). "The theory of [this] exception is that bankruptcy should not be 'a haven for wrongdoers.'" Lockyer, 398 F.3d at 1107 (citing Universal Life Church, Inc. v. United States, 128 F.3d 1294, 1297 (9th Cir. 1997)); but see Lockyer v. Mirant Corp.,398 F.3d 1098, 1112 (9th Cir. 2005)(an automatic stay within a bankruptcy proceeding was not given because there was more than a fair possibility that the stay would damage the other party).

**B.  Analysis**

After the initiation of the Relator's action against Defendant Procare, Defendant filed for bankruptcy under Title Eleven of the Bankruptcy Code. Mot. 1:21-22. The government declined to intervene in the Action against Procare. Id. at 1:16-17. Consequently, Defendant Procare argues,  the Action filed solely by the *qui tam* relator does not fall within the  "governmental unit" exception to the automatic stay in § 362(b)(4) as the case has not been brought by a "governmental unit" as required by the statute. Id. at 3:11-15. Defendant relies upon United States ex rel Kolbeck v. Point Blank Solutions, Inc., 444 B.R. 336 (E.D. Va. 2011) in which the court

1  examined "[t]he narrow question of "whether a *qui tam*
2  FCA action in which the government . . . declined to
3  intervene is . . . an action or proceeding 'by a
4  governmental unit,' so as to fall within the § 362
5  (b)(4) statutory exception to the automatic stay."
6  Id. at 3:17-20 (quoting Kolbeck, 444 B.R. at 338-39).
7  Relator does not oppose Defendant Procare's Motion to
8  Stay Discovery relating to its bankruptcy proceedings
9  as to Procare only.  Relator's Response 1:3-10.
10 Relator contends, however, that the stay should not
11 apply to any other Defendant or third party witness
12 within the action, including Procare's individual
13 owners.  Id.
14     *Qui tam* plaintiffs are not typically included
15 within the plain reading of the statutory language of §
16 362 (b)(4).  United States ex rel. Kolbeck v. Point
17 Blank Solutions, Inc., 444 B.R. 336, 339 (E.D. Va.
18 2011).  Further, the legislative history of the
19 Bankruptcy Code does not indicate congressional intent
20 "to include in the definition of 'governmental unit' a
21 private citizen or entity acting on behalf of the
22 government."  Id.  Thus, the "statutory language and
23 the legislative history demonstrate that the term
24 'governmental unit' refers exclusively to actual
25 governmental groups and not to organizations [or
26 private citizens] acting in a governmental capacity."
27 Id.; see also United States ex rel. Goldstein v. P & M
28                              6

1  Draperies, Inc., 303 B.R. 601, 603-04 (D. Md. 2004); In
2  re Worldcom, 2006 WL 2255071, at *5-6 (S.D.N.Y., Aug.
3  4, 2006); United States ex rel Fullington v. Parkway
4  Hospital, Inc., 351 B.R. 280 (E.D.N.Y. 2006).
5  Accordingly, the plain language of the statute and the
6  lack of Congressional intent to include private
7  citizens acting in a governmental capacity require that
8  this case be stayed as against Defendant Procare. The
9  Court therefore **GRANTS**, as to Defendant Procare only,
10 Defendant Procare's Motion for a Stay of All
11 Proceedings Against It Pending Resolution of Bankruptcy
12 Court Proceedings.
13     **IT IS SO ORDERED.**
14 DATED: June 15, 2015          RONALD S.W. LEW
                                 **HONORABLE RONALD S.W. LEW**
15                               Senior U.S. District Judge

7