**o**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF CALIFORNIA, *ex rel.*, JULIE A. MACIAS, <br><br>            Plaintiff, <br><br>    v. <br><br> PACIFIC HEALTH CORPORATION, et al. <br><br>            Defendants. | CV-12-00960-RSWL-JC <br><br> **ORDER re Relator's Motion for Attorneys' Fees** [522]; **Relator's Motion to Amend or Correct Judgment** [529] |

Currently before the Court is Relator Julie A. Macias' ("Relator") Motion for Attorneys' Fees [522]; and Motion to Amend or Correct Judgment [529]. Having reviewed all papers submitted pertaining to these Motions, the Court **NOW FINDS AND RULES AS FOLLOWS**: the Court **GRANTS** Relator's Motions.

///

///

1

**I. INTRODUCTION**

This case arises out of a *qui tam* action brought by Relator on behalf of herself in the name of the United States of America ("the Government") and the State of California for violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729, and California False Claims Act ("CFCA"), Cal. Gov't Code § 12651. Amended Compl. ("AC") ¶ 1, ECF No. 31. Currently before the Court is Relator's Motion for Attorneys' Fees ("Motion") [522].

**II. BACKGROUND**

**A.  Factual Background**

This action involves violations of the FCA by Defendant Pacific Health Corporation ("PHC") and its subsidiary, Los Angeles Doctors Hospital Corporation ("Doctors Hospital") (collectively, "Defendants"), which in turn owned and operated Los Angeles Metropolitan Medical Center ("LAMMC").[1] Id. ¶ 10. At all times relevant to this case, PHC controlled LAMMC. The facts of this case entail a scheme in which LAMMC improperly referred, transported, and committed patients, often unwillingly, to LAMMC's locked psychiatric units to fraudulently bill Medicare and Medi-Cal. Id. ¶¶ 24, 159-275. For the sake of this Motion, the Court assumes familiarity with the facts of this case. A detailed account of the facts are laid out in the Court's Order re Relator's Motion for

---

[1] PHC announced that it was closing LAMMC in April of 2013. AC ¶ 36.

2

Default Judgment [521].

B. **Procedural Background**

Relator filed the original Complaint [1] in this Action on February 3, 2012. The United States declined to intervene on May 22, 2013. See U.S.'s Notice of Election to Decline Intervention, ECF No. 19. On August 20, 2013, Relator filed an Amended Complaint [31] in this Action. The State of California declined to intervene on February 11, 2014. See Cal.'s Notice of Election to Decline Intervention, ECF No. 36. As a result, the Court ordered that the seal be lifted and that the Complaint and Amended Complaint be served on Defendants. See Order re Unsealing of Compl., ECF No. 37.

On July 18, 2016, Relator filed a Motion for Partial Default Judgment against Defendants as to her fifth, ninth, tenth, and eleventh claims—all related to retaliation [246].[2] The Court granted Relator's Motion on October 11, 2016 [262]. The Court deferred entry of judgment on Relator's retaliation claims until the case was resolved in its entirety. Once the remaining defendants were dismissed following settlement, Relator

---

[2] The fifth claim against Defendants is a violation of the False Claims Act pursuant to 31 U.S.C. § 3730(h). AC ¶ 357. The ninth claim against Defendants is a violation of California's False Claims Act pursuant to California Government Code § 12653(b). Id. ¶ 390. The tenth claim against Defendants is a violation of California's Health and Safety Code pursuant to § 1278.5. Id. ¶ 397. The eleventh claim against Defendants is a violation of California Labor Code § 1102.5 and constructive discharge in violation of public policy. Id. ¶ 405.

filed a Motion for Default Judgment against Defendants PHC and Doctors Hospital on March 29, 2019 [508] as to the remaining claims for violations of the FCA and CFCA. On June 5, 2019, the Court granted Relator's Motion [521]. On June 6, 2019, Relator filed the instant Motion for Attorneys' Fees [522], and Defendants did not file an opposition. On July 8, 2019, Relator filed the instant Motion to Amend or Correct Judgment [529].

## III. DISCUSSION

**A.** <u>**Attorneys' Fees**</u>

Under both federal and state law, Relator is entitled to reasonable attorneys' fees and costs as the prevailing party on both her FCA and CFCA claims against Defendants. 31 U.S.C. § 3730(d)(1); Cal. Gov't Code § 12652(g)(8). Local Rule 55-3 determines attorneys' fees for a default judgment pursuant to a fixed percentage schedule. The schedule is set forth as follows:

| Amount of Judgment | Attorneys' Fees Awards |
|---|---|
| $0.01 - $1,000 | 30% with a minimum of $250.00 |
| $1,000.01 - $10,000 | $300 plus 10% of the amount over $1,000 |
| $10,000.01 - $50,000 | $1,200 plus 6% of the amount over $10,000 |
| $50,000.01 - $100,000 | $3,600 plus 4% of the amount over $50,000 |
| Over $100,000 | $5,600 plus 2% of the amount over $100,000 |

While the schedule does provide that a prevailing party

may seek attorneys' fees "in excess of" the schedule, here, Relator only seeks the amount set forth in the schedule. Mot. at 4:1-2. The Court entered partial default judgment of $1,042,673.63 against Defendants on October 11, 2016, and default judgment of $561,826,370 (which did not include the partial default judgment of $1,042,673.63) against Defendants on June 5, 2019, for a total default judgment against Defendants of $562,869,043.63. See ECF Nos. 262, 521. Pursuant to the schedule, Relator is thus entitled to attorneys' fees of $11,260,981 and the Court **GRANTS** Relator's Motion for Attorneys' Fees.[3]

B. **Motion to Amend Judgment**

Relator moves to amend and/or correct the Judgment under Federal Rules of Civil Procedure 59(e) and 60(a). Pursuant to Rule 59(e), a party may move to alter or amend a judgment within 28 days after the entry of the judgment. Courts generally consider four circumstances in granting a motion to alter or amend a judgment: "(1) to correct manifest errors of law or fact upon which the judgment rests; (2) to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111

---

[3] The fees are calculated as follows: (($562,869,043.63 - $100,000) *2% = $11,255,381) + $5,600 = $11,260,981. Mot. at 4 n.23.

5

(9th Cir. 2011).  In considering such a motion, a district court "enjoys considerable discretion."  Id.

Pursuant to Rule 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.  The court may do so on motion or on its own, with or without notice. . . ." Fed. R. Civ. P. 60(a).  Rule 60(a) enables courts to amend judgments to correct mistakes and clarify matters intended to be implied or subsumed by the original judgment.  Garamendi v. Henin, 683 F.3d 1069, 1078 (9th Cir. 2012).

On June 25, 2019, the Court entered Judgment Against Defendants [526], but Relator argues that it failed to: (1) incorporate Relator's prior Partial Default Judgment against Defendants of $1,042,673.63 for her retaliation claims [262]; (2) incorporate Relator's request for attorneys' fees; or (3) incorporate Relator's application for taxable costs. In granting Relator's partial default judgment as to her retaliation claims, the Court deferred entry of judgment until the Action was resolved in its entirety—which is now the case.  The Court inadvertently omitted the Partial Default Judgment, and as such, the Court **GRANTS** Relator's Motion to Amend the Judgment to incorporate Relator's judgment of $1,042,673.63 for her retaliation claims.  The Court further **GRANTS** Relator's Motion to Amend the Judgment

to incorporate the above award of attorneys' fees in the amount of $11,260,981.

As to Relator's taxable costs, Relator is correct that pursuant to Rule 54(d)(1) Relator is entitled to recover taxable costs against Defendants as the prevailing party. The Court need not amend the Judgment, as it reflects that Relator is the prevailing party, and Relator's Application to the Clerk to Tax Costs is currently pending [523].

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Relator's Motion for Attorneys' Fees in the amount of $11,260,981; and **GRANTS** Relator's Motion to Amend the Judgment to incorporate the partial default judgment award of $1,042,673.63 and award of attorneys' fees.

**IT IS SO ORDERED.**

DATED: August 1, 2019      /s/ RONALD S.W. LEW

                                    **HONORABLE RONALD S.W. LEW**
                                    Senior U.S. District Judge